24-1220
*Vasquez v. Yonkers Pub. Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of March, two thousand and twenty-five.

PRESENT:     Reena Raggi,
                       Steven J. Menashi,
                       Myrna Pérez,
                                    *Circuit Judges.*

_____

GISSELLE VASQUEZ,

          *Plaintiff-Appellant*,

          v.                                                      No. 24-1220

YONKERS PUBLIC SCHOOL DISTRICT, DR. EDWIN M. QUEZADA, IN HIS PERSONAL AND PROFESSIONAL CAPACITIES,

          *Defendants-Appellees*.*

_____

_____

* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:  CHRISTOPHER J. BERLINGIERI, Berlingieri Law, PLLC, New York, New York.

*For Defendants-Appellees*:  DANIEL S. ALTER, Abrams Fensterman, LLP, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Reznik, Mag. J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered April 1, 2024, is **AFFIRMED**.

Plaintiff-Appellant Gisselle Vasquez works as a clerk in the Yonkers Public School District. After a coworker tried to kiss her, she filed a Title IX complaint for sexual harassment, *see* 20 U.S.C. § 1681(a), and eventually sought and received a transfer to a new school. Vasquez asserts that this complaint was shared in the district. She also asserts that she told the school district's superintendent, Edwin M. Quezada, that two other school officials had sexually harassed her as well, but no separate investigation was ever conducted. Vasquez filed this § 1983 lawsuit against the school district and its superintendent for retaliation against her for filing the initial Title IX complaint. The district court granted summary judgment to the defendants on the ground that Vasquez failed to adduce evidence that she suffered an adverse employment action or that the school district acted pursuant to an official policy.

On appeal, Vasquez argues that she identified a genuine dispute of material fact about whether the failure to investigate her additional misconduct allegations constitutes an adverse employment action. She also argues that the school district should be held liable because the superintendent's failure to investigate her allegations beyond the initial complaint constituted official district policy. We

assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

Vasquez argues that the failure to investigate her allegations of sexual misconduct against two school officials and the sharing of details in her initial Title IX complaint constitute an adverse employment action. On the facts of this case, we are not persuaded.

A state employee may bring a claim under § 1983 when her employer retaliates against her for "participation in discrimination investigations and proceedings." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 81 (2d Cir. 2015). The analysis for such a § 1983 claim "mirror[s]" the analysis for a retaliation claim under Title VII. *Id.* at 91. To succeed on her claim, Vasquez must show that (1) she participated in a protected activity; (2) Quezada knew of that activity; (3) she suffered an adverse employment action; and (4) there is a "causal connection" between her protected activity and the adverse employment action. *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 112 (2d Cir. 2019). An adverse action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). In this fact intensive inquiry, "[c]ontext matters" because "an act that would be immaterial in some situations is material in others." *Id.* at 69 (internal quotation marks omitted).

Vasquez has not shown that she suffered an adverse employment action in response to her Title IX complaint. The day after Vasquez filed the complaint, the superintendent transferred the coworker who tried to kiss her to another school, and a Title IX coordinator began an investigation. That investigation eventually led to a determination that her complaint was founded. And when Vasquez later asked to transfer to a different school, the superintendent granted her request immediately.

Viewed in the light most favorable to Vasquez, the record could admit a finding of some neglect. The Title IX coordinator failed to follow up with Vasquez after she expressed a desire to speak with him about unspecified problems with two other coworkers, and he failed to investigate fully her concern that the details of her Title IX complaint were being disseminated among staff at her prior school. The coordinator also failed to inform Vasquez when he finished his report. But the Title IX coordinator is not a defendant in this case, and Vasquez offers no evidence that the superintendent knew about or had any role in these actions. The superintendent was not present at Vasquez's meeting with the Title IX coordinator, nor was he copied on the emails in which she expressed a desire to share additional information. According to Vasquez, the superintendent did know of the additional sexual misconduct, but Vasquez never asked the superintendent to open an investigation, nor does she offer evidence that he played any role in the Title IX coordinator's failure to follow up with her. Following her allegations of additional misconduct, the superintendent did exactly what Vasquez asked of him: he transferred her to another school.

The superintendent and the school district investigated Vasquez's Title IX complaint, removed the offending coworker, and found her complaint to be substantiated. And when Vasquez asked to transfer to a new school, the superintendent granted that request immediately. On these facts, Vasquez has not shown that the superintendent's actions in response to her Title IX complaint would "deter a reasonable employee from complaining about discrimination" such that it qualified as an adverse employment action. *White*, 548 U.S. at 69.

**II**

Vasquez also argues that the school district is liable for the superintendent's actions because his behavior constituted an official school district policy. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). That is incorrect. Because Vasquez "has failed to establish individual liability" on the superintendent's part, the school district cannot be held liable in his stead. *See Lax v. CUNY*, No. 20-3906,

4

2022 WL 103315, at *3 (2d Cir. Jan. 11, 2022). Moreover, the superintendent's alleged conduct in Vasquez's individual case cannot "'fairly be said to represent official policy' for the entire municipality." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020) (quoting *Monell*, 436 U.S. at 694). "It is not enough" that the superintendent "had discretion to make a decision that was unreviewable" when he lacked "state-law authority to adopt rules for the conduct of the municipal government." *Id.* (internal quotation marks and alteration omitted). It is undisputed that the school district had an official policy to investigate all complaints of sexual harassment, and Vasquez has not shown that the superintendent had the authority to override that policy. "[W]hen an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's alleged departures from them, are the act of the municipality." *Id.* at 99 (alteration omitted) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

* * *

We have considered Vasquez's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5